### COMMONWEALTH *vs.* DANIEL LEONARD.

On the trial of a complaint charging an unlawful sale of intoxicating liquors in September, after the person to whom the sale was alleged to have been made had testified to one sale in August and others in September, the district attorney, against the defendant's objection, was allowed to withdraw all the evidence except of the sale in August, and the jury were instructed to consider only the evidence of that sale, and found the defendant guilty of a sale in August. *Held,* that the evidence so withdrawn might be introduced in support of a subsequent complaint for a sale in September, and if it proved, to the satisfaction of the jury, a sale other than that of which the defendant had been found guilty, would warrant a conviction.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquors on the 1st of September 1856 to Emory Morse. Trial in the court of common pleas before *Sanger,* J., who allowed this bill of exceptions :

" Previously to the trial of this complaint, another complaint, charging a single sale to said Morse on the third day of said September, was tried, on which the government called Morse,

and him only, to prove that sale ; and Morse testified, without objection on the part of the defendant, to several sales; one in August 1856, and the others in September and October 1856. When Morse had finished his testimony, the district attorney said he should claim a verdict on the sale in August, and on no other sale. To this the defendant objected, because, he claimed, all the evidence should be considered by the jury. The defendant called no witness. The court instructed the jury that they should consider only the evidence in regard to the sale in August, and the jury returned a verdict of guilty for a sale in the last of August 1856.

" To sustain the present complaint, the government called said Morse, and proposed to put in the same testimony of a sale in September, that Morse had testified to previously. The defendant objected to the testimony, because the same sale had been previously testified to in the first trial, when the sale was alleged to be subsequent to the sale alleged in the present complaint.

The court admitted the testimony ; and instructed the jury that if, from the testimony, they found a sale of intoxicating liquors other than the one on which the jury had convicted the defendant previously, then they might find the defendant guilty. The jury returned a verdict of guilty of a sale in the last of September. The defendant excepts."

*E. L. Barney*, for the defendant. The district attorney, after putting in the evidence at the first trial, had no power to withdraw it, or any part of it, from the consideration of the jury. If he intended to use the testimony, he should have taken the complaint which alleged the first sale in order of time, and have put in so much of the testimony as was necessary for the purpose of proving one sale and no more. The jury had no means of knowing what evidence had been given to the other jury.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, cited *State* v. *Ainsworth*, 11 Verm. 91.

By THE COURT. At the first trial, the court in the exercise of its discretion permitted the district attorney to confine the evidence to a particular sale, and to withdraw all evidence which did not bear upon that sale ; and protected the defend-

ant's rights by instructing the jury to disregard the evidence so withdrawn. As the time need not be proved as laid, that evidence, not having been submitted to the jury at the first trial, was rightly used to convict the defendant at the second trial; and oral evidence was admissible to show what was in fact submitted to the jury in the previous case. *Sawyer* v. *Woodbury,* 7 Gray, 499. *Exceptions overruled.*